IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MAACK, | : Civil No. 3:25-cv-2474 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| WARDEN, FCI-LEWISBURG, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner Richard Maack ("Maack") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Maack alleges that the Federal Bureau of Prisons ("BOP") denied him review under the Second Chance Act for prerelease placement and has not recommended him for placement in prerelease custody. (*Id.* at 3-4). For the reasons that follow, the Court will dismiss the habeas petition without prejudice because Maack has not properly exhausted his claims.

**I.    Background**

   **A.    Maack's Criminal History**

Maack is serving a 26-month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania for his conviction of failure to collect and pay over taxes in violation of 26 U.S.C. § 7202. (Doc. 6-2, Declaration of BOP Unit Manager Chase Emerson ("Emerson Decl."), at 1 ¶ 3; Doc. 6-3, Public Information Inmate Data). According to BOP documentation submitted by Respondent, Maack's projected

release date, via Good Conduct Time and First Step Act release, is October 12, 2026. (Doc. 6-2, Emerson Decl., at 1 ¶ 3; Doc. 6-3, Public Information Inmate Data). However, a review of the BOP's inmate locator indicates that Maack's projected release date is now September 27, 2026.[1]

### B. Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Maack filed three administrative remedies during his previous incarceration that were related to his entry into a substance abuse program. (Doc. 6-2, Emerson Decl. at 2 ¶ 5; Doc. 6-4, Administrative Remedy Generalized Retrieval). Those administrative remedies are as follows.

In December 2001, Maack filed administrative remedies 255644-F1 and 255644-F2 with the institution, concerning placement in a substance abuse program. (Doc. 6-4, at 3). The institution denied the remedies. (*Id.*). In January 2002, Maack appealed to the Regional Office. (Doc. 6-4, at 4). The Regional Office denied the appeal, and Maack did not appeal to the Central Office. (*See* Doc. 6-4).

### C. Facts Related to the Second Chance Act and First Step Act

Maack's Unit Team conducted an Individualized Needs Plan-Program Review. (Doc. 6-2, Emerson Decl. at 2 ¶¶ 6-7; Doc. 6-5, Institutional Referral for Community Corrections

---

[1] *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 51728-066) (last visited Feb. 10, 2026).

2

Center ("CCC") Placement). The Unit Team reviewed Maack for prerelease placement under the five factors of the Second Chance Act of 2007, codified at 18 U.S.C. §§ 3621 and 3624.[2] (*Id.*). The Unit Team considered and evaluated the five factors as follows: (1) there are available residential reentry centers ("RRCs") in Maack's release area; (2) there are no extenuating circumstances that would preclude placement; (3) Maack has an established residence and community ties; (4) the sentencing court's Judgment and Commitment Order does not contain any statements regarding RRC placement ; and (5) there are no pertinent policies from the United States Sentencing Commission. (Doc. 6-5, at 3; *see also* 18 U.S.C. 3621(b)). As a result of the review, the Unit Team recommended a placement date of May 21, 2026. (*Id.*).

The BOP conducted a First Step Act Time Credit Assessment on December 21, 2025. (Doc. 6-2, Emerson Decl. at 2 ¶ 9; Doc. 6-6, FSA Time Credit Assessment). Maack has earned 105 days of FSA time credits that have been applied to his supervised release. (Doc. 6-2, Emerson Decl. at 3 ¶ 7; Doc. 6-6, FSA Time Credit Assessment).

---

[2] The Second Chance Act states in pertinent part as follows:

> The [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*See* 18 U.S.C. § 3624(c).

D.     Claims Raised in the Habeas Petition

In his Section 2241 petition, Maack alleges that the BOP denied him review under the Second Chance Act and has not recommended him for placement in prerelease custody. (Doc. 1). Respondent contends that the Section 2241 petition must be dismissed because Maack failed to exhaust his administrative remedies. (Doc. 6). Alternatively, Respondent argues that the petition must be denied because the Court lacks jurisdiction to hear Maack's claims and the BOP properly reviewed Maack for prerelease placement under the applicable five factor analysis. (*Id.*). Because the uncontroverted record confirms that Maack has not exhausted his administrative remedies, the Court does not reach Respondent's alternative arguments.

II.    **Discussion**

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the

4

opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an

5

appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Maack has not filed any administrative remedies concerning his prerelease placement. (Doc. 6-4). The only administrative remedies Maack filed while in BOP custody were during his previous incarceration in 2001 and 2002 and were related to his placement in a substance abuse program. (*See id.*). Maack has not presented any evidence to dispute these facts. Rather than comply with the Administrative Remedy process, Maack bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Maack concedes his failure to exhaust and argues that exhaustion should be excused as futile because "[t]he administrative remedy process routinely takes several months to complete." (Doc. 1, at 5; *see also* Doc. 7). Maack thus argues that he should not have to exhaust his administrative remedies because the administrative remedy process could take time to complete, and he should be released before the process is completed. (*Id.*). The Court, however, is unpersuaded by Maack's argument, as it does not provide a basis to excuse exhaustion. *See, e.g., Greene v. Spaulding*, No. 22-cv-1726, 2023 WL

6

3372375, at *2 (M.D. Pa. Apr. 26, 2023) (concluding that the Section 2241 petitioner had failed to show irreparable harm as a basis for excusing administrative exhaustion, where he argued that the denial of his claim at the administrative level would result in him being released later than the date he would be entitled to release if he were granted habeas relief—i.e., granted credits under the First Step Act); *Rodriguez v. Sage*, No. 22-cv-2053, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (explaining that "district courts within the Third Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date" (collecting cases)); *Ramirez v. Sage*, No. 22-cv-638, 2022 WL 2318693, at *2 (M.D. Pa. June 28, 2022) (rejecting the Section 2241 petitioner's argument that requiring him to exhaust his administrative remedies "would subject him to irreparable harm because the delay would result in him being incarcerated beyond the date he should be released" (citation omitted)). Additionally, the Court is unaware of any decision from the Third Circuit Court of Appeals holding that a federal prisoner may be excused from the exhaustion requirement on that ground. The fact that Maack's sentence currently falls within the 12-month period that the BOP could place him in pretrial release is not a basis to excuse exhaustion.[3]

---

[3] The Court notes that the Second Chance Act does not entitle a federal inmate to any guaranteed placement in prerelease custody. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 244-51 (3d Cir. 2005) (holding, in exercising its discretion to make halfway house placement decisions, the BOP must consider the factors set forth in § 3621(b); "[h]owever, that the BOP may assign a prisoner to a CCC does not mean that it must").

Maack has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. His unsupported and conclusory claim that exhaustion would be futile is insufficient to circumvent the prudential exhaustion requirement for Section 2241 petitions and falls short of making a "clear and positive showing" of futility to excuse exhaustion. *Wilson*, 475 F.3d at 175.

The Court finds that Maack's claim must first be presented to BOP officials and fully exhausted. Because Maack did not even attempt to exhaust his administrative remedies concerning prerelease placement before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

### III. Conclusion

For the foregoing reasons, the Court will dismiss without prejudice the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

Dated: February 12, 2026

Robert D. Mariani
United States District Judge

8